124 F.3d 211
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gia HOANG, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General, U.S. Postal Service,
Defendant-Appellee.
 No. 96-35762.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted September 9, 1997.
Decided September 22, 1997.
 
 1
 Appeal from the United States District Court for the Western District of Washington, Thomas S. Zilly, District Judge, Presiding; No. CV-94-01544-TSZ.
 
 
 2
 Before: WRIGHT and SCHROEDER, Circuit Judges and SCHWARZER,** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Gia Hoang appeals the district court's grant of summary judgment to the United States Postal Service in his disability discrimination action for failure to provide "reasonable accommodation" to a "qualified individual with handicaps" under section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791. This court reviews de novo a grant of summary judgment. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). The burden is on the employee to show that he is a "qualified individual with handicaps," and make a facial showing that "reasonable accommodation" is possible. Buckingham v. United States, 998 F.2d 735, 749 (9th Cir.1993).
 
 
 5
 Hoang submitted a resignation from his position September 17, 1990, without having informed his employer that he suffered from any mental disability. Nevertheless, the employer offered him sick leave in lieu of resignation, but Hoang declined. Two days later, he asked the postal service to accommodate his handicap by agreeing to let him withdraw his resignation or to regard it as having been ineffective. He did not provide any information that if that accommodation were made, he would then be able to return to work. The postal service regarded the resignation as final, in accordance with the general policies established by regulation.
 
 
 6
 As the EEOC observed in its final decision, the employer's policy on resignations had no connection with the employee's disability, nor did it interfere with his ability to do the job. Therefore, even if the agency had made an exception to that policy in appellant's case when asked on September 19, 1990, it would not have enabled appellant to return to work. Because Hoang was still suffering from depression, he held out no more than a hope that at some indefinite time in the future he might be able to return to work. Hoang has not met his burden of showing that a "reasonable accommodation" was possible.
 
 
 7
 AFFIRMED.
 
 
 
 **
 Honorable William W. Schwarzer, Senior United States District Judge for Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3